## PERKINS, ESTATE OF, In Re

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15442. Decided Aug 29, 1936

Tolles, Hogsett & Ginn, Cleveland, W. T. Kinder, Cleveland, Frank E. Joseph, Cleveland, and Louis S. Pierce, for exceptor and appellant.

Boyd, Brooks & Wickham, Cleveland, and B. B. Wickham, Cleveland, for executor and appellee.

BARNES, PJ, BODEY and HORNBECK, JJ, (2nd Dist) sitting by designation.

## OPINION

By BODEY, J.

This matter is presented to the court on appeal from the Probate Court.

The facts are set forth concisely in the brief of appellant as follows: "On April 19, 1929, the decedent, Sallie W. Perkins, executed by Ralph Perkins, her attorney in fact, a pledge of donation to the Maintenance Endowment Fund of the Musical Arts Association in the sum of $10,000.00. Mrs. Perkins died on December 11, 1931, and her son, Ralph Perkins, was appointed executor of her estate on January 23, 1932. Subsequently the appellant, The Musical Arts Association, duly presented to the executor a claim in respect to this pledge, together with proper supporting voucher and affidavit. The claim having been disallowed, The Musical Arts Association brought suit against the executor in the Common Pleas Court of Cuyahoga County on September 3, 1932. Thereafter, on November 2, 1932, the executor filed in the probate proceedings a schedule of claims, debts and liabilities in which the claim of The Musical Arts Association was listed as disallowed. Thereupon, The Musical Arts Association filed exceptions to the schedule in the manner and within the time prescribed by the Ohio Probate Code. At the outset of the hearing on the schedule the executor questioned the jurisdiction of the Probate Court to hear and determine the merits of the claim of The Musical Arts Association and objected to the introduction of any evidence as to the merits of the claim. On January 13, 1936, the Probate Court, which had taken the matter under advisement, ruled that it was without jurisdiction to hear and determine the merits of the claim. It therefore approved the schedule of claims, debts and liabilities and overruled the exceptions of The Musical Arts Association. It is from this ruling that the present appeal is prosecuted."

The executor claimed in the lower court that (1) the action of the creditor in excepting to the schedule of claims, debts and liabilities was abated by reason of the pending action on the claim in the Common Pleas Court, and (2) the Probate Court had no jurisdiction on these exceptions

to inquire into and pass upon the merits of the exceptor's claim.

The questions raised concern the interpretation to be given to certain sections of the Probate Code as the same became effective on January 1, 1932. We quote those sections:

Sec 10501-53 GC. Except as hereinafter provided, the Probate Court shall have jurisdiction: * * * 3. To direct and control the conduct, and settle the accounts of executors and administrators, and order the distribution of estates; * * * Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law. The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, . unless the power is expressly otherwise limited or denied by statute.

Sec 10509-112 GC. Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation. * * *

Sec 10509-133 GC. If a claim against the estate of a deceased person has been presented to the executor or administrator, and has been disputed or rejected by him, but not referred to referees, the claimant, except as is otherwise provided by law, must commence a suit for the recovery of such claim within two months after such dispute or rejection, if the debt or any part of it be then due, or within two months after some part of it becomes due, or be forever barred from maintaining an action thereon. Except as is otherwise provided by law, no action shall be maintained thereon after such period, by a person deriving title thereto from such claimant.

Sec 10509-118 GC. Not later than five months after the date of his appointment, every executor or administrator shall make and return upon oath into court a schedule of all known claims, debts and liabilities against the estate, including any which may be known to the executor or administrator but not presented. Such schedule shall state the name and address of each claimant, the amount claimed, whether allowed or rejected, whether secured by mortgage or otherwise, and the date of maturity if not yet due.

Sec 10509-119 GC. Upon the filing of the schedule of debts the court shall forthwith set a day not .later than one month after the day such schedule of debts was filed, for hearing on the schedule of debts, and shall give at least ten days' notice by registered mail or otherwise of the hearing, to the executor or administrator and to such of the following as are known to be residents of the State and whose place of residence is known: Surviving spouse, if any; next of kin; beneficiaries under the will, if any; all known creditors; the attorney or attorneys, if known, representing any of the aforementioned persons. Such notice may be waived in writing by any of the foregoing. For good cause the hearing may be continued for such time as the court deems reasonable. Exceptions to the schedule of debts may be filed at any time prior to five days before the date set for the hearing or the date at which such hearing has been continued as provided herein, by any person interested in the estate. At the hearing the executor or administrator, and any witness may be examined under oath. The court must enter its finding on the journal and tax the costs as may be equitable.

In the case at bar the creditor presented its claim to the executor as provided by §10509-112 GC. The claim was rejected and action was instituted in the Court of Common Pleas in accord with the provisions of §10509-133 GC. Thereafter, exceptions involving the same claim were filed against the schedule of claims, debts and liabilities under authority of §10509-119 GC. It is our opinion that this latter action of the creditor was abated by reason of the pendency of the cause in the Common Pleas Court. General statements of the law on abatement of actions are found in 1 O. J., 19, §5. We quote the following from that reference.

"The pendency of another action for the identical cause, and between the same parties, has never been considered a bar or a defense to the merits. It is purely matter in abatement. But it is established in Ohio that the pendency of a prior action in the same jurisdiction between the same parties, involving the same cause of action or subject-matter, and seeking the same relief, is a ground for the abatement of the second action, * * * In addition to the elements pointed out, it must be shown that the court wherein the prior suit is pending has jurisdiction: * * * The principle, that the pendency of a former suit, legal or equitable, between the same parties for

the same cause, is matter of abatement to a second suit in a court of the same State, has its foundation in justice, and is firmly established. The reason for this rule is that the law, which abhors a multiplicity of suits, will not permit a defendant to be harassed and oppressed by two actions for the same cause,—allow him to "be vexed twice for the same cause;—where the plaintiff has a complete remedy by one, the second suit is not necessary."

The action in the Common Pleas Court is pending in the same jurisdiction, viz: Cuyahoga County, Ohio; it is between the same parties; it involves the same cause of action or subject-matter; it seeks the same relief; and, the Court of Common Pleas has jurisdiction to grant to the plaintiff in that case, the creditor, the relief which it demands and to which it may be entitled. It would, therefore, seem that this is a typical case in which the plea in abatement should be invoked and that the same should be sustained when presented as a defense to the exceptions of the appellant.

The question raised by the second claim advanced by the executor has apparently been quite troublesome to the inferior courts. The Probate Court of Tuscarawas County in the case of **In Re: Estate of William Czat+**, 30 N.P. (N.S.), 355, reached the conclusion that it had "jurisdiction on exceptions being filed to the schedule of debts to allow, reject or reduce any claim previously presented to an executor or administrator without the intervention of a jury." However, the creditor in that case had not instituted suit in the Common Pleas Court to recover upon his claim prior to filing exceptions. That court was of opinion that the creditor, whose claim was rejected by the executor or administrator, could elect as to his remedy. Note the following language taken from the opinion:

"The court is also of the opinion that an alleged creditor whose claim has been rejected or been reduced by the fiduciary can either bring an action at law under §10509-133, GC, within two months after rejection or file exceptions to the schedule of debts, for the reason that §10509-133, GC, provides that an action at law within two months after rejection is exclusive only 'except as otherwise provided by law.' The exceptor in this case elected to file exceptions to the schedule of debts, which gave the court jurisdiction to pass on the question without the intervention of a jury."

The Probate Court of Lake County, in the case of **In Re: Estate of Mary Braddon Gouvy, 3 OO 58, and In Re: Estate of Locotosh, 3 O.O., 185**, held that it had no jurisdiction under the provisions of §10509-119 GC, to review the judgment of the executor or administrator as to the allowance of claims or in the case of rejected claims to determine the validity thereof and order them paid if found valid. This latter case was affirmed by the Common Pleas Court. The Wood County Court of Common Pleas in the case of **In Re: Estate of Mary M. Helfrich, 30 N.P. (N.S.), 307**, held that §§10509-118, 119 and 120 are in pari materia with §§10501-30, 10501-32, 11379 and 11469 GC and must be construed together. That court, therefore, concluded that §10509-119 GC may only apply when the question presented are issues of law and that if questions of fact arise upon the hearing of exceptions to a schedule of claims, debts and liabilities the Probate Court is obliged to disallow such claim or claims and leave the claimant to his remedy as provided in the Code of Civil Procedure. We have read each of these cases with interest. The reasoning of the authors of these opinions has been helpful. §10509-119 GC is an entirely new section. No similar section appears in the enactments of other states. Our judgment concerning its meaning and applicability when considered in connection with the other facts before us is one of first impression.

It is our opinion from a reading and comparison of all of the sections above set forth that it was not the intention of the proponents of the New Probate Code to invest the Probate Court with plenary jurisdiction or power to pass upon the merits or validity of the claim of the creditor on exceptions filed to the schedule of claims, debts and liabilities when that same creditor has theretofore presented his claim for allowance, when the executor has rejected the same and when action for recovery thereon has been begun in the Common Pleas Court. We also doubt if it was the intention of the sponsors of this legislation to invest the Probate Court with plenary power to determine the validity of the claim of a creditor on exceptions filed to the schedule of claims, debts and liabilities although the claim has not been presented to the executor or administrator for allowance or, if having been presented, it has been rejected and no action thereon has been instituted in the Common Pleas Court. The force which impels the court to

reach this conclusion is our conception of the meaning of the following language found in §10509-119 GC:

"At the hearing the executor or the administrator, and any witness may be examined under oath."

Sec 11495 GC provides that a party may not testify when the adverse party is an executor or administrator, except in certain instances. In the trial of an action in the Common Pleas Court on a rejected claim the creditor could not testify concerning the merits of his claim unless he could avail of the exceptions set out in §11495 GC. May it be reasonably or sensibly argued that the legislature or the codification committee intended by the language employed in §10509-119 GC to enlarge the statutory rules on the admissibility of this testimony to the extent that procedure in the Probate Court on exceptions to the schedule of claims, debts and liabilities would in effect nullify the restrictions and limitations contained in §11495 GC? We think not. It may be argued that the parties do not occupy adverse relations in the Probate Court. This is a distinction without a difference. The exceptor remains the creditor who is seeking to have his claim allowed as valid and then paid. The executor or administrator is yet the representative of the deceased in charge of the settlement of his estate and remains the debtor.

We believe that full effect may be given to §10509-119 GC if the Probate Court, in exercising its power thereunder, passes upon the correctness of the schedule of claims, debts and liabilities as presented. The section serves the useful purpose, if the schedule filed thereunder is correct and is approved by the court, of providing a means whereby the creditors and the heirs may be advised of the number and character of the claims presented and whereby the executor or administrator may be protected in the payment of those claims which have been allowed by him and which allowance has been confirmed by the Probate Court. If a claim has been presented to and has been allowed by the executor or administrator but is not included in his schedule, exceptions may be filed by the creditor affected and the court may order the schedule corrected. If, in the schedule as filed, a claim is marked as rejected when as a matter of fact it has been allowed, or vice versa, the creditor may except and the court has the power to order the change made that will conform the schedule to the facts. In order that the court be advised upon such questions the testimony of the party or of the executor or administrator may be taken. Such evidence would be competent because it would only concern the question of the presentment or allowance or rejection of the creditor's claim. It would not touch upon the merits or the validity of the claim. Such testimony to that extent would be competent and might be given by either the party or the executor or the administrator without violating the provisions of §11495 GC. We are of the opinion that §10509-119 GC grants to the Probate Court such ██ powers only, or similar ones, in the examination of the executor or the administrator and the creditor and that its jurisdiction is exhausted when it has ordered that the schedule of claims, debts and liabilities be approved and confirmed in accord with the facts of presentment, allowance or rejection of claims as the same are produced at the hearing on the exceptions.

Since this opinion was prepared we have learned that the case of In Re: Estate of Paul Locotosh, supra, went to the Court of Appeals of Lake County. The case in that court carried the title of Locotosh v Brothers, Admr. The opinion is found in the Ohio Bar Association Report of August 10, 1936 and will be reported in 52 **Oh Ap, 158,** (21 Abs 521). The conclusion reached by the Court of Appeals of the Seventh District is in accord with the judgment herein pronounced.

It is our view that the Probate Court was correct in its determination in the instant case, that no prejudicial error has intervened and that its judgment should be affirmed with exceptions to the appellant.

BARNES, PJ, and HORNBECK, J, concur.