**THROCKMORTON, ESTATE OF, In Re**

**THOMAS et v DEARTH, Admrx. et**

Ohio Appeals, 2nd Dist, Shelby Co

No 118. Decided March 7, 1941

220

Taylor Cummins, Sidney, and R. E. Boller, Jr., for appellants.

Leo M. Winget, Sidney, for appellee, Eva Dearth, Admrx.

H. E. Beery, Sidney, for appellees, H. H. Dearth, Mrs. Abe Throckmorton, Jessie Ayers Wilson.

## OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Common Pleas Court of Shelby County upon a cause which had been certified thereto by the Probate Court of said county, wherein the court held against the appellants in the particulars hereinafter set forth.

The appeal is noted as on questions of law and the exceptions are set forth under three headings which are not followed in the brief of appellants but all are presented under different appellations. The matters presented to the trial judge for determination were three:

1. The application of certain heirs-at-law of Nan R. Throckmorton, deceased, for the removal of Eva Dearth, Administratrix, of said estate.

2. The exceptions filed by J. W. Thomas, et, as heirs-at-law of Nan R. Throckmorton, to the schedule of debts filed by said administratrix.

3. The administratrix's petition to sell decedent's real estate to pay debts and the answer filed thereto by certain defendants.

The court held against the applicants to remove the administratrix, overruled the exceptions to the schedule of debts and found in favor of the administratrix upon her petition to sell decedent's real estate to pay debts.

Appellants in their brief present the errors under four questions as follows:

1. Is this administratrix so adversely interested as to disqualify herself from administering this estate?

2. Are the claims allowed by the administratrix proper claims or debts of the decedent payable from her estate?

3. Does statutory justification exist for the sale of the real estate?

4. Were the requisition and bond, as filed by the heirs under §10509-135 GC properly stricken from the files?

Certain facts are essential to an appreciation of the questions presented.

Nan R. Throckmorton died November 17, 1938, and Eva Dearth was named as her administratrix. Her inventory showed property of the value of about $12,000.00; personal property about $550.00. The deceased was a widow of Dr. J. A. Throckmorton, who died about ten years before his wife. He left an estate of less than $4000.00. His funeral expenses were $483.00. Mrs. Throckmorton lived in an upstairs apartment over certain business places in the city of Sidney. She was eighty-three years of age when she died and for some years prior thereto had failed both physically and mentally. This condition caused her to neglect herself and her apartment to an extent that it was thought advisable to name a guardian for her, which was done in August of 1938. H. H. Dearth, husband of administratrix, was named as her guardian and served until her death.

Mr. Dearth is an undertaker and after the death of Mrs. Throckmorton took charge of her remains and conducted her funeral from his funeral home. For his services in conducting the funeral and for material furnished, he made a charge of $1128.00, $950.00 of which was for a casket.

Jessie Ayres Wilson and Mrs. Abe Throckmorton presented claims to the administratrix for services performed for Nan R. Throckmorton at her request in the amount of $1000.00 and $500.00 respectively. All of these claims were allowed by the administratrix and carried by her in her schedule of debts. Exceptions were noted by appellants to these claims and upon hearing the trial judge allowed all of them in the amounts set forth. Appellants also sought the removal of the administratrix, which was refused.

After the decision of the trial judge upon the exceptions to the schedule of debts but before the opinion had been journalized, the appellants, heirs of the deceased, requested the administratrix to disallow and reject the aforesaid three claims and posted bond, all pursuant to §10509-135 GC. Thereafter the administratrix moved to strike this application from the files, which motion was sustained. Thus, the four questions heretofore set forth were raised.

## REMOVAL OF ADMINISTRATRIX

We can not say as a matter of law under the facts that the court erred in refusing to disqualify the administratrix. The only cause upon which there could be any basis for the removal of the administratrix under §10506-53 GC is "because the interest of the trust demands it, * * *". The court was not required in the situation presented to so find. The validity of the allowance of the claims was duly raised by the heirs under the law in the exceptions to the schedule of debts and their rights were as completely protected thereunder as if any other person had been administrator. The heirs also had the right to require the administratrix to disallow the claims to which they objected.

It appears from the record that the administratrix had such personal knowledge of the nature and extent of the services rendered by all three claimants as that she could act with information in allowing or rejecting them.

There is, of course, left the question of the relationship which she sustained to the H. H. Dearth claim, inasmuch as he was not only her husband but they were associated in the conduct of the funeral establishment which Mr. Dearth operated. The court had a right to find that they were not partners and that there was no business relationship whereby the administratrix would, as a matter of right, participate in any of the profits from the money realized from the undertaker's claim. However, the relationship between Mr. and Mrs. Dearth was such that the allowance of his claim should have been examined with the closest scrutiny. Then, too, the disparity in the amount of the funeral expenses as compared to such expenses ordinarily might have caused the executrix to disallow the claim had a different relationship existed between her and the claimant. However, we are reviewing the action of the trial judge in refusing to remove the administratrix. So doing, we can not say that he acted contrary to law nor in a manner unsupported by or manifestly against the weight of the evidence.

## H. H. DEARTH CLAIM

We next consider the correctness of the action of the court in overruling the exceptions to the schedule of debts as relates to the claim of H. H. Dearth. Fortunately, we have in Ohio a leading case, **Kroll v Close, Admr., 82 Oh St 190,** which is made the subject of report and annotation in 28 L. R. A. (N.S.) 571, on the subject of the amount of funeral expenses which may be lawfully incurred by an administrator or executor. In the 3rd proposition of the syllabus it is said:

"The allowance for such expenses (funeral expenses) must be reasonable, having regard to the amount of the estate, the station in life of the deceased and the customs of the people in the same station, and if unreasonable and extravagant should be disallowed, even as against legatees and next of kin."

So that here the test is set forth by which we may test the reasonableness of the claim of Mr. Dearth and it must be applied, even though next of kin may have directly or indirectly consented to the expense as incurred, which was not done here.

If fairly appears from this record that Mrs. Throckmorton lived on a modest scale. In fact she denied herself some of the necessities of life. At her age it is evident that she did not engage in the social life and activities of her community. The extent of her estate was not great, aggregating in gross about twelve thousand dollars.

We have the advantage of the testimony of four reputable undertakers of wide experience from the city of Sidney and another nearby town to the effect that in all the years in which they had been in business no one of them had conducted a funeral where the total cost equalled the charge made against this estate. This establishes the custom of the people in the community where the decedent lived respecting ex-

penditures for professional services and material provided by a mortician in laying away the remains of a deceased person.

The principal cost was for the casket, the purchase price of which was $950.00. No one of these undertakers had ever purchased a casket so high in price. It seems obvious that such a casket, if it be granted that it was worth all that was charged for it, which is not specifically refuted in the testimony, was entirely too elaborate and too extravagant for the simple station in life which the decedent maintained in the vicinity in which she lived.

In support of the charge as made, it is urged that Mrs. Throckmorton within a few years prior to her decease had expressed a wish that she might be interred in a casket like the one which was eventually provided for her; that the purchase price of the casket was marked upon it and that she therefore expressed her preference with knowledge of its cost. This statement is supported not only by the testimony of Mr. Dearth but by Jessie Ayers Wilson and Mrs. Harriet Throckmorton.

If Mrs. Throckmorton had desired that her estate be made liable for funeral expenses to the extent of the claim under consideration she could have done so either by contract or by will. Having failed to do either, the administrator is bound to make expenditures in accordance with the rule announced in Kroll v Close, supra, and generally recognized by text books and authorities on the subject. The court in Kroll v Close quotes from 11 Am. and Eng. Enc. Law, 2d ed. p. 1263, and carries the quotation into the syllabus which we have heretofore set forth, and also cites 18 Cyc. Law & Proc., page 438: Schouler, Exrs., 3d ed. ¶421; 2 Woerner, Am. Law of Administration, 2d ed., ¶360; 1 Rockel, Ohio Probate Pr. ¶650; Giauque, Settlement of Estates, 7th ed., 615-617.

In Estate of Kercher, 6 N. P., N. S., the court refused to approve an account of administrator carrying an item for expenditure for a casket for the administrators decedent, even though the

sole legatee "may have acquiesced in the purchase of the casket in the amount for which the charge was made".

Although we accord to the trial judge the greatest liberality in passing upon the claim under consideration, we are forced to the conclusion that it is excessive and unreasonable and can not be supported upon any interpretation of the law controlling.

## CLAIMS OF JESSIE AYRES WILSON AND MRS. ABE THROCKMORTON

Without discussing the subject matter of the testimony, we are satisfied to say without comment, that the court committed no prejudicial error in sustaining the administratrix in the allowance of the claims of Jessie Ayres Wilson and Mrs. Abe Throckmorton. With these claims allowed there was insufficient personal property of the estate to pay the valid debts against it and statutory justification did exist for the sale of the real estate as requested in the petition "to sell real estate to pay debts."

## REQUISITION OF HEIRS

We come, then, to consideration of the fourth proposition in the brief of appellants, namely, "Were the requisition and bond as filed by the heirs under §10509-135 GC properly stricken from the files?"

This section, insofar as germane to our question, provides:

"If an heir * * * of a deceased person * * *, files in the Probate Court of the county in which administration is taken out of an estate, a written requisition on the administrator * * * to disallow and reject a claim presented for allowance, whether the claim has been allowed or not, but which has not been paid in full, and enters into a bond, with a sufficient surety, to be approved by the Probate Judge, conditioned to pay all costs and expenses of contesting such claim, in case it finally is allowed, the claim shall be rejected by such administrator * * *.*"

This section, though carried into and made a part of the probate code of January 1, 1932, has long been in our statutes and antedates §10509-119 which is a new section coming into effect and use for the first time with the code of January 1, 1932, and amended, effective September 2, 1935, 116 O. L. 116. The subject matter of these two sections is in pari materia, must be considered together and meaning and effect given to all of it, if possible.

The power of the court and the extent of its authority upon hearing of the exceptions under §10509-119 GC did not specifically appear in this section until its amendment, 114 O. L. 428, wherein it is provided that:

"The court shall have power to affirm, modify or reverse the action of the executor or administrator as to any item contained in the schedule of debts, exceptiong action on claims on wnich suit has already been brought, or which have been referred to referees or which have been disallowed by requisition; and may dispose of any other matters properly raised by exceptions without the intervention of a jury. Subject to the right of review and to be opened up by fraud, collusion or mistake the finding and order of the court shall be final as between parties who have filed exceptions or otherwise voluntarily entered their appearance."

For construction of §10509-119 GC, before above amendment, see Locolosh & Brothers, Admx., 52 Oh Ap 158. All of the appellants in this case filed their exceptions to the schedule of debts and thereby invoked the action of the court as to the validity of the allowance of the claims to which the exceptions were directed.

The court has overruled their exceptions and this appeal is taken from that judgment but as a part of the appeal it is asserted that the court erred in not giving effect to the requisition of the heirs-appellants calling on the administratrix to disallow the aforesaid claims. If this may be done, then the appellants have the benefit of two remedies, both of which affect the right of the claimants to recover on their claims.

It is held in Re: Estate of Beabout, 136 Oh St 416, that the action of the Probate Court in overruling exceptions, under §10509-119 GC, to an item in the schedule of debts is a final order as to those who filed exceptions, subject only to their right of review or to be opened up for fraud, collusion or mistake. This court has so held in the same case, in the 7th syllabus of Amrine et v Gabriel, Admr., 29 Abs 161, and In Re Perkins, 22 Abs 514, and inferentially so determined in Re: Estate of Butler, 32 Abs 1. In Re: Estate of Perkins, supra, the creditor filed its claim with the executor, which was disallowed. It thereupon instituted its action against the executor upon the same claim in Common Pleas Court and thereafter filed exceptions to the schedule of debts in the Probate Court.

This court determined that the right to file exceptions to the schedule of debts was abated by the institution of the action against the executor on the claim. There is analogy between the situation presented in the last cited case and the instant case. The creditor in the Perkins Estate, having elected to sue, was precluded from also availing itself of the right to file exceptions to the schedule of debts. So here, the heirs, having elected to invoke the action of the Probate Court upon the validity of the allowance of the administration of the questioned claims, could not, while said proceeding was in process of determination and judgment, elect to requisition the administratrix under §10509-135 GC.

It is urged by the appellants that the language of §10509-135 GC., wherein it is stated that "the requisition may be made, whether the claim has been allowed or not, but which has not been paid in full," requires the construction that the requisition may be made at any time prior to the full payment of the claim. The requisition may be filed with the administrator if the claim has been allowed but this does not require the conclusion that it may.

be employed after the creditor has sought an adjudication and judgment on the action of the administrator in approving the claim. The limitation in the statute, "but which has not been paid in full," in probability is inserted to avoid the inconsistency and futility of requiring the administrator to reject a claim which he had paid in full, the remedy of the heir in such situation obviously being in a proceeding other than contemplated as growing out of §10509-135 GC.

That the action of the Probate Judge is final and exclusive upon determination of exceptions to the schedule of debts is supported by the subject matter of §10509-119 GC. All of the exceptions to the power of the court to affirm, modify or reverse the action of the administrator as to any item contained in the schedule of debts are in the past tense implying that when the court so acts the acts included in the exceptions shall have taken place. That is to say that the court may not act upon any claim challenged by exceptions to the schedule of debts upon which suit has already been brought or which has been referred to referees or which at the time has been disallowed by requisition.

There is nothing inconsistent in this construction with the language of Judge Matthias in the opinon, **Re: Estate of Beabout, 136 Oh St 416,** wherein he says:

"It is quite apparent, however, that the method of procedure (Under §10,-509-119 GC) is not exclusive."

The procedure is not exclusive and in this estate the heirs could either have availed themselves of the right to except to the schedule of debts, or, by written requisition under **§10509-135 GC,** have called upon the administratrix to disallow and reject the questioned claims.

Had the heirs elected to proceed under the latter section they clearly would have had the benefit of a determination of the merits of the claims by jury. Upon the section which they did invoke they were required to accept the judgment of the Probate Court subject to their right of review of such judgment.

It is urged that the court acted without authority in striking from the files the requisition of the heirs upon the administratrix. We are not disposed to view this procedure technically because the court passed upon their substantive right to avail themselves of the provisions of §10509-135 GC.

The judgment of the lower court overruling the exceptions to the claim of H. H. Dearth in the schedule of debts of the administratrix will be reversed. In all other particulars the judgment will be affirmed.

GEIGER, PJ. and BARNES, J., concur.