**COHEN, Estate of, In Re.**

Ohio Appeals, Seventh District, Jefferson County.

Nos. 1006 to 1012. Decided January 26, 1948.

10

Hammond, Hoyt and Hammond, Youngstown, for Estelle E. Cohen, Henrietta C. Frieder and Roland W. Frieder.

James S. Kimble, Harold W. Murphy, Myron W. Coleman, Jack N. Berkman and Samuel Freifield, Steubenville, for Exceptors (Appellees).

Herman Peiros and Fred Stone, Steubenville, for Roland W. Frieder.

John W. Porter and William C. Brown, Steubenville, for Administrator De Bonis Non.

## OPINION

By PHILLIPS, J.

Estelle E. Cohen appealed to this court in appeals numbered 1006 as an individual, 1007 as an heir of Ralph B. Cohen, deceased, 1008 as administratrix of his estate, and in 1009 as his widow and surviving spouse. Roland W. Frieder and Henrietta C. Frieder, husband and wife, and son-in-law and daughter of the decedent respectively, appealed in appeals numbered 1010 and 1011 as individuals. Henrietta C. Frieder appealed in appeal numbered 1012 as an heir of decedent Ralph B. Cohen.

Motions to dismiss all these appeals as filed on questions of law and fact from the orders of the court of probate of Jefferson County entered April 24, 1946, disposing of exceptions (we assume since the record is conflicting) to the final account of Estelle E. Cohen, Administratrix, and "certain claims upon hearing of schedule of debts and claims and exceptions thereto, and rejecting certain claims upon hearing of schedule of debts and claims and exceptions thereto" (although it is conceded now there is no issue made in any of these appeals as to the schedule of debts), and from separate entries of even date with reference to disposal of rents and widow's yearly allowance, made in cases from which the appeals numbered 1006, 1007, 1008, 1009 and 1012 made by "exceptors (appellees)" and John J. Scott, administrator d. b. n., appellee, were overruled. The motions filed in the appeals numbered 1010 and 1011 "by exceptors (appellees)" were sustained in part and as to such part each such appeal was dismissed, and overruled in parts, and such appeals "for all other purposes were retained."

In disposing of such motions this court ordered, adjudged and decreed that the words "and fact" be and they were stricken from the notices of appeal filed in all of the appeals and each appeal, as retained, was retained on questions of law only; and granted leave to each appellant to have a bill of exceptions prepared, settled and filed within thirty days after filing of the entry granting such leave.

By agreement of counsel, and with the consent of this court, the appeals which were retained were consolidated for all purposes and accordingly argued, briefed, submitted, and will be determined and disposed of in this opinion as one appeal on questions of law. However, since the questions of which disposition is made herein are separately raised in differently numbered appeals we will identify our rulings by referring to the number of the appeal in which the question ruled upon is raised; and it being conceded by counsel for appellants that the assignments of error filed in all such appeals are substantially the same as those filed in appeal numbered 1007 disposition only will be made in this opinion of the errors assigned in the appeal filed from that case.

Counsel for appellees contend that §11578 GC, which limited the time for filing motion for a new trial to three days, is applicable in the cases from the decisions in which appeals were filed and not present §11578 GC, which limits the time for filing such motion to ten days; and since motions for new trials must have been duly filed in such cases before we can consider any of the assigned grounds of error urging that the orders of the court of probate are against the manifest weight of the evidence that this court "should not take cognizance of any questions relating to the weight of the evidence", and cite in support of their contention **Von Gunten v. New Justice Coal Co., 147 Oh St, 511,** in the second syllabus of which the supreme court said:—

"**Sec. 11578 GC,** providing that the application for a new trial must be filed within three days after the verdict or decision is rendered, is applicable to actions pending October 11, 1945, and not §11578 GC, as amended effective on that date, which provides that 'the application for a new trial must be made within ten days after the journal entry of a final order, judgment or decree.'"

Counsel for appellants contend that the case of **Wise, Appellee, v. Bishop, Appellant, 79 Oh Ap 523,** controls in the cases appealed from. In that case it is said:—

"Although §11578 GC, prior to its amendment (121 Ohio Laws, 367), required the filing of a motion for new trial to be within three days after the verdict or decision, unless ▌ the applicant was unavoidably prevented from so doing, it will be presumed by the Court of Appeals that an applicant who filed such a motion after the prescribed time was unavoidably prevented from filing the motion within time, where nothing to the contrary appeared in the record, no attack was made on the filing, and the trial court acted upon the motion as though it was timely filed."

We believe that the facts in the cases we review are substantially identical with the facts in the case of Wise, Appellee, v. Bishop, Appellant, supra, in which the supreme court overruled motion to certify. We believe that case is distinguished from the case of Von Gunten v. New Justice Coal Co., supra, by the fact that in that case the court of common pleas struck the motion for a new trial from the files because not filed timely, while in these cases and in the case of Wise, Appellee, v. Bishop, Appellant, supra, no such motion to strike was made and the court ruled upon motions for new trials.

Accordingly we are of opinion we may and therefore will consider, as we are urged we should, whether any of the orders of the court of probate entered in the various appeals. are against the manifest weight of the evidence.

Decedent Ralph B. Cohen died intestate May 12, 1941, and on June 10, 1941, the court of probate of Jefferson County, Ohio, appointed appellant Estelle E. Cohen, his widow, administratrix of his now conceded insolvent estate. Subsequently she duly qualified as such administratrix and continued to live for sometime thereafter in Steubenville, Ohio, where she and decedent had lived prior to his death. The record discloses that after qualifying as such administratrix she moved to Chicago and lived with her daughter and son-in-law, whose advice she frequently sought and followed on the administration of such estate, though while living there, as testified by one of her counsel, she visited Steubenville "on an average of two or three months", "maybe oftener but I think that's about right", for consultation with him and his associate (two competent and reputable members of the Jefferson County Bar), on the administration of that estate, which consisted among other assets of numerous parcels of real estate, some of which it was necessary to sell in land sale proceedings to pay the large indebtedness of the estate.

Numerous creditors of decedent's estate filed applications for her removal as such administratrix, and certain creditors filed twenty exceptions to her final account, which exceptions were sustained in part and overruled in part.

Thereafter in an action filed in the court of probate to remove ·her as administratrix of decedent's estate on the substantially alleged grounds that she had improperly delegated administration thereof to Roland W. Frieder, and that she, or he, had made personal use of the estate's funds and property, and that she had failed to file a just and true account of her administration of such estate in accordance with law, which she did not contest, the judge of that court appointed John J. Scott, administrator de bonis non of decedent's estate.

While assigned as a ground of error counsel for appellants stated in open court that no claim of error prejudicial to any appellant in the admission of evidence was being urged in any of the appeals to which reference is made herein.

Appellants Estelle E. Cohen and Henrietta Frieder paid the expenses of the last illness and funeral of decedent amounting to $2,645.88. It is admitted that the expense of decedent's last illness was approximately $502.45, and by their counsel that the statutory amount of $350.00 funeral expenses and the expenses of the last illness were properly allowable as preferred claims, both of which in such amounts were proper charges and amounted to approximately $852.45, for which amount they claim in the appeals in cases numbered 1006 and 1011 they should be reimbursed as preferred creditors as the judge of the court of probate held and whose finding we affirm.

However in disposing of this matter the judge of the court of probate ordered administratrix charged with $1,816.48, $756.95 of which amount was deposited in her name as administratrix in a bank, the name of which we do not find in the record but which the judge of the court of probate found was The Miners and Mechanics Savings Bank and Trust Company of Steubenville, Ohio; $1,059.53 of that amount presumably was hers and was deposited in her individual name in that bank. We say presumably because we find no evidence that such amount belonged to the estate nor was deposited by her otherwise or elsewhere.

Considering the record as presented to us we are of opinion that Estelle E. Cohen was improperly charged with $1059.53. Accordingly the orders of the judge of the court of probate entered in the appeals from cases numbers 1006 and 1011 with

reference thereto must be and hereby are reversed; and coming now to render the judgment which the court of probate should have rendered thereon judgment is entered for appellant Estelle E. Cohen in the amount of $1,059.53.

There is evidence that in accordance with an agreement between Estelle E. Cohen and Henrietta C. Frieder entered into with the mortgagee, The Jefferson Savings and Loan Company of Steubenville, Ohio, Estelle E. Cohen would (and did) collect rents on parcels of real estate held by decedent during his lifetime and would (and did) apply them to the amount named upon the mortgage indebtedness provided such mortgagee would not foreclose mortgages held by it, one of which is a mortgage covering a number of parcels of real estate owned by decedent at the time of his death.

Estelle E. Cohen charged herself as administratrix, it is claimed erroneously, in her final account filed in the court of probate with rentals she collected on such real estate and credited herself with $7,122.62 of that amount which represented payments she made in accordance with such agreement with the Jefferson Savings & Loan Company of Steubenville, Ohio, and in compliance with an order of the court of probate delivered the balance of $5,812.60 to John J. Scott, administrator de bonis non of decedent's estate.

The judge of the court of probate never ruled on the application of Estelle E. Cohen's counsel, made during trial, to correct such claimed erroneously filed account because "the rents had no place in the account, and that they belonged to Estelle E. Cohen and Henrietta C. Frieder", the heirs at law of Ralph B. Cohen, deceased. Upon final determination of cases 1007 and 1012, from which the appeals on this question were filed, the court of probate found that "Estelle E. Cohen, Henrietta C. Frieder and Roland W. Frieder are not entitled to any of the rents accruing from the premises held by decedent in his lifetime", by which language we assume the judge of the court of probate meant that real property rather than rentals, to which reference is made in the quoted portion of his entry, were accumulated during decedent's lifetime, as the record discloses no accumulation of such rentals during decedent's lifetime, and even though there were such rentals would not belong to decedent's heirs.

It is the contention of counsel for the appellants in the appeals filed in cases 1007 and 1012 supra "that it would be impossible to allocate rents and determine what debts were properly payable from the rents, such as taxes and insurance, until the account had been entirely recast"; that "no court could make an intelligent order based upon the record and

**16**

account as they stood"; and "it is probably true that some of the rents were pledged in the mortgage upon the property, but that is not ascertainable from the record"; and urges that the finding and orders in cases 1007 and 1012 be reversed "and the causes remanded with instructions to the lower court to permit the filing of a corrected account, with a proper breakdown of the sources of the rent and distribution of them". The latter contention presents a matter addressed to the sound discretion of the judge of the court of probate, of which we find no abuse. Accordingly we will not order him to permit the filing of a corrected account as urged.

It is the contention of counsel for exceptors that Estelle E. Cohen and Henrietta Frieder would obviously benefit by such agreement and would obviate the possibility of mortgagee taking deficiency judgments against Estelle E. Cohen on notes on which she was co-maker in actions initiated by mortgagee prior to decedent's death; and that such agreement precluded the sale "in an orderly way" of all parcels of real estate.

However we conclude that rents collected after decedent's death by Estelle E. Cohen as administratrix unpledged in accordance with the mortgage payment agreement to which reference has been made, and after payment of taxes which accrued and were payable after decedent's death, belong to decedent's heirs, and that the judge of the court of probate erred to the prejudice of Estelle E. Cohen, widow, and Henrietta C. Frieder, daughter of decedent, in denying the balance of such rentals to them.

"The lands of an intestate descend at once to his heir, and the legal title vests in him, subject to the right of the administrator to sell the same for the payment of the debts of the intestate, in the manner prescribed by law.

"The rents of the lands of an insolvent intestate, accruing between the death of the intestate and a sale of the lands for the payment of debts by the administrator, belong to the heir and not to the administrator." **Overturf v. Dugan, 29 Oh St 230.**

See also **18 O. Jur., Page 191, Section 147.**

Counsel for appellant Estelle E. Cohen rightly contend by assignment of error that the "finding and judgment of the court as to the amount of recovery of said Estelle E. Cohen as an heir to the estate of Ralph B. Cohen, deceased, is against the law and the evidence"

Therefore in appeals numbered 1007 and 1012 the orders of the judge of the court of probate are reversed except as

noted, and now coming to render the judgment which such judge should have rendered judgment is entered for Estelle E. Cohen and Henrietta Frieder for the amount of the balance of any such rentals.

On the date of her appointment as administratrix Estelle E. Cohen filed a petition to sell real estate. As various such parcels were sold in landsale proceedings her counsel presented entries prepared by them to the judge of the court of probate for his approval, and indicated to him that from the proceeds of such sales payments were made to the Union Savings Bank and Trust Company of Steubenville, Ohio, to apply on judgments, totaling approximately $24,500.00, taken by it in Carroll County upon four notes, two of which, amounting to $7,500.00, were executed by her and decedent. In the entries of distribution she made no claim for dower and no request for determination and payment thereof to her from the proceeds of such sales. ⸱⸱

Among such parcels of real estate was one identified as parcel number 65 situated in Columbiana County, which it was not originally known but later discovered belonged to decedent. Upon such discovery that parcel was then sold through the court of probate of Jefferson County, the judge of which allowed and then subsequently disallowed appellant Estelle E. Cohen dower in the amount of $295.08 from the proceeds thereof.

Counsel for Estelle E. Cohen contend that "when Mrs. Cohen has shown that the dower was allowed out of the sale of this real estate she has made her case on this point. There is not one word of testimony by the exceptors relating to the dower question" and "therefore, the order of the Probate Court disallowing the dower is not based on any evidence, and must be reversed", and further because the trial judge abused his discretion in disallowing such dower after having allowed it once.

Counsel for exceptors contend that "were the widow entitled to dower in respect of the judgments of the Union Savings Bank and Trust Company and were the matter properly before this court, we still respectfully contend that the claims of the unsecured creditors would have priority over such claim for dower. This being admittedly an insolvent estate (Exhibit N. R. 549), her claim for dower would fall to the ground. **Disher v. Disher, 8 O. O. 203, 204.**"

In our opinion the judge of the court of probate did not abuse his descretion, nor err to the prejudice of Estelle E. Cohen, appellant, widow and surviving spouse of decedent, in the order he entered in case 1009, and accordingly we

affirm his order with respect thereto entered in that case as in our opinion clearly she was not entitled to such dower.

"Sec. 10502-1 GC (114 Ohio Laws, 337), provides for inchoate but not vested dower, thereby abolishing the latter." **Geiselman, Appellant, v. Wise et al, Appellees, 137 Oh St 93.**

Even though the services of Estelle E. Cohen rendered in the landsale proceedings were no doubt beneficial to the persons interested in the estate of Ralph B. Cohen, deceased, and as stated in the case of **In Re: Estate of Robert Chambers, 16 O. O. 519, syllabus 3,** "the probate court may in its discretion allow compensation where the services are beneficial to the estate, even though there may be some irregularities", yet under the power conferred upon the judge of the court of probate by §10509-192 GC as amended after rendition of the decision in the cited case of **In re: Estate of Butler, 32 Abs 1,** to deny her "any compensation whatsoever" or "such reduced compensation as the court may think proper should" he "find, after hearing, that" she "has in any respect not faithfully discharged his (her) duties as such" administratrix, and since appellant Estelle E. Cohen did not contest nor appeal from her removal as administratrix of such estate we conclude that the judge of the court of probate did not err under the statute, which in our opinion applies to fees allowable in landsale proceedings the same as other fees allowable to administratrix, in ordering Estelle E. Cohen to return and repay to decedent's estate the amount to which reference is made in his finding as this was a matter which was addressed to the sound discretion of the court, which we can not say he abused.

Without disclosure to any parties interested in decedent's estate, by written agreement entered into by and between Roland W. Frieder and The Union Savings Bank & Trust Company, dated June 6, 1941, but testified by its officers to have been made June 11, 1941, Roland W. Frieder purchased from that institution, with about $3500.00 of his own money and by giving an individual note for the balance, certain judgments held by it against and which were liens upon decedent's estate, on which he testified he expected to make a profit of between $7,000.00 and $8,000.00.

Although one of the attorneys for Estelle E. Cohen testified that appellant Roland W. Frieder "represented Mrs. Cohen (Estelle E. Cohen) and Henrietta C. Frieder as their agent" in our opinion there is no evidence of probative value in the voluminous record submitted to us, reference to portions of

which have been made elsewhere herein, supporting the order of the trial judge made in case 1010:—

"That at the time said transaction was entered into and consummated by said Roland W. Frieder and said The Union Savings Bank and Trust Company of Steubenville, Ohio, and prior thereto and thereafter, said Roland W. Frieder was acting as the agent of and for said Estelle E. Cohen, as Administratrix aforesaid; that all of the acts of said Roland W. Frieder in the premises were made and undertaken as such agent and with full knowledge, consent and approval of said Estelle E. Cohen as Administratrix of the Estate of Ralph B. Cohen, Deceased; that the Estate of Ralph B. Cohen, Deceased is entitled to all benefits, proceeds and avails of said contract entered into between said Roland W. Frieder and said The Union Savings Bank and Trust Company as aforesaid; that said Roland W. Frieder, individually, is not entitled to any of said benefits, proceeds and avails of said contract."

Presumably the trial judge's reasons for reaching the conclusion announced in the quoted portion of his journal entry, based upon the evidence submitted to him, is that Roland W. Frieder occupied the position of a fiduciary with respect to decedent's estate and as such had no right to profit from transactions relating to the estate nor in connection with the assets thereof.

The transaction under discussion was handled and prosecuted to conclusion under order of the judge of the court of probate and Estelle E. Cohen acted upon advice of reputable counsel. Accordingly we cannot and do not affirm such finding of the trial judge.

"Anyone except the executor or administrator of an estate may buy claims at a discount and collect their full value from the estate." 34 C. J. S. page 156, Section 393.

See also Veldman v. Lindeman, 4 Bull. 911; Owen v. Potter, 115 Mich. 556.

"No principle of chancery law prevents a son of decedent from receiving the full amount of a judgment to which he took an assignment to prevent a sale of real estate, where he had no legal interest in the real estate at the time." Lawton v. Corrigan, 136 N. E. 180 (Mass.) syllabus 3.

We conclude that the trial judge erred prejudicially to appellant Roland W. Frieder in holding as indicated herein

for the reason we believe such orders made in case 1010 are contrary to law under the undisputed facts in this case and final judgment is entered in favor of Roland W. Frieder.

It is the contention of counsel for appellants that funeral expenses and the orders of distribution of proceeds from land sales providing for payment of fees to Estelle E. Cohen as administratrix was a final order which could not be attacked upon exceptions to her final account, but from which error must be prosecuted within the statutory time of the entering of such order, which was not done, and he refers us to §§10510-1, 10510-2, 10510-11, 10510-12, 10510-45, 10510-21, 10510-46, and 10510-56, and cites as authority IN RE: Estate of Hess, 14 C. C. (n. s.) 463, in which it is said:—

"We hold that said finding and judgment of the probate court upon said claims was final, and can not be collaterally attacked by exceptions to the account, after said allowance is made."

Appellants' counsel also contends that the orders made by such judge in case 1009 with reference to dower allowed to Estelle E. Cohen from the proceeds of the sale of real estate parcel number 65 was a final order which as stated supra could not be "collaterally" attacked by exceptions to her final account; and that question having been legally determined in such proceedings is res judicata in a subsequent proceeding.

It is the further claim of counsel for appellants "that all questions that were legally determined in such proceedings as to all the lands are res adjudicata (sic) in a subsequent proceeding in partition of one parcel not sold in the probate court proceeding" (quoted from opinion in Simpson v. Simpson, 9 C. C. (n. s.) 137), and he cites in support of his contention Bennett v. Bennett, 29 O O 355, syllabus 1; Cook v. Shanower, 49 Oh Ap 227; In Re: Estate Throckmorton, 34 Abs 219, syllabus 7; Estate of Seitz, 11 C. C. (n. s.) 204; Sheldon v. Newton, 3 Oh St 494, syllabus 2; Schmidt v. Hicks, 28 Oh Ap 413; 18 O. Jur., section 752, page 758.

The question of res judicata has caused us considerable concern, and of course by ruling upon the questions presented as we have by those rulings we hold that they are not res judicata. However, even though we are in error in so holding still the end results to the respective parties are the same with the exception as to our ruling on the question of dower and fees of the administratrix.

We conclude the trial judge acted within statutory authority and under the circumstances shown in the bill of exceptions

did not abuse his discretion in disallowing dower or administratrix fees on landsale proceedings.

Our answer to appellant Estelle Cohen's assigned ground of error 8 "that the finding and judgment of the court on the claim of Estelle E. Cohen as an heir to the estate of Ralph B. Cohen, deceased, should have been in her favor and against the estate of Ralph B. Cohen, deceased", has been answered.

The 810 page bill of exceptions submitted to us for review has been read, the evidence weighed and measured carefully, the innumerable exhibits attached thereto studied painstakingly, the entire bill of exceptions scrutinized, and the conclusion reached "that the judgment of the court" in the various cases from which appeals have been prosecuted are contrary to law in the respects set forth herein and "should have been for appellant instead of for appellee" in such respects.

The assigned ground of error that "the judgments and orders of this court (court of probate) entered April 24, 1946, as shown by the journal entries of said date, are erroneous, contrary to law, and contrary to the manifest weight of the evidence" is a repetition of other assigned grounds of error heretofore disposed of elsewhere herein.

Appellants' counsel has failed to call our attention to "other errors apparent upon the record and prejudicial to the rights of defendant-appellant" as alleged as a ground of error, or to comply in respect thereto with the provisions of Rule VII of this court that his brief "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the question arose, together with a statement of the authorities relied upon". Accordingly, we will not pass upon this assigned ground of error.

The orders of the court of probate entered in the several cases from which the respective appeals were taken as stated are reversed in part and affirmed in part as indicated herein.

CARTER, PJ, NICHOLS, J, concur in judgment.